# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

In re:   Joseph Edward Mannion       ) Chapter 13 Case No. 11-19444
        Katherine Ann Mannion       ) Hon.  Arthur I. Harris
            Debtor(s)             )

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION

Now comes CRAIG SHOPNECK, the duly appointed, qualified, and standing Chapter 13 Trustee ("the Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1.  The Debtor(s) filed for bankruptcy relief on <u>November 4, 2011</u>.

2.  The 341(a) Meeting of Creditors held on <u>November 30, 2011</u> was concluded and the confirmation hearing is scheduled for <u>January 5, 2012</u> at <u>1:00 PM</u>.

3.  The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ <u>WAGE ORDER</u>:  There is no wage order in place, as mandated by Administrative Order 05-4, or the wage order in place is deficient.  Specifically, _____.

☒ <u>RECENT TAX RETURN</u>: The Debtor has failed to supply the Trustee with a copy of the federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case [§521(e)(2) and §1325(a)(1) of the Bankruptcy Code].

☐ <u>FEASIBILITY</u>: The plan is not feasible in that it exceeds sixty months [§1322(d)].  To complete the plan as currently offered within a sixty month period would require a monthly payment of _____.

☒ <u>CONDUIT</u>: The Debtor has not provided for the payment of ongoing mortgage payments through the plan, or the Debtor has not filed a motion to opt out of the conduit mortgage system mandated by Administrative Order 09-2.

☐ <u>PLAN</u>: The Debtor has not used the form plan mandated by Administrative Order 09-04. Specifically, _____.

☒ <u>PROSECUTION</u>: Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor [§521 (a)(3)]:
   ☐ Recent pay advices for the Debtor. Specifically, _____.
   ☐ Recent pay advices for the non-filing spouse.
   ☐ Evidence of income from _____.
   ☐ Affidavit from _____ for his/her contribution of _____ /month.
   ☐ Payment advices and/or other documentation of all income received during the six month period prior to the month the bankruptcy petition was filed.
   ☐ Recent federal income tax return for the non-filing spouse.
   ☐ Business information for each business owned by the Debtor:

☐ Completed business questionnaire with supporting financial information.

☐ Two years recent federal income tax returns.

☐ Balance Sheet as of the date of the bankruptcy filing.

☐ Income and Expense Statement for the twelve-month period prior to the date of the bankruptcy filing.

☐ Projected month-to-month Cash Flow Statement for the twelve-month period following the date of the bankruptcy filing.

☐ Other: _____.

☐ Other: _____.

☐ Evidence of payment of all domestic support obligations that have become payable under said obligation since the date of filing of the petition [§1325(a)(8)].

☐ Depository and/or investment account statements for the month the bankruptcy petition was filed and the preceding _____ months.

☒ Other: Provide schedule of qualified retirement contributions that Debtors have made during the twelve-month period prior to filing Chapter 13 bankruptcy.

☐ Other: _____.

☒ Other: _____.

☐ Other: _____.

☐ OMITTED CLAIM(S): The plan fails to provide for claims that should or must be specifically referenced in the plan [§1322(a)(2), §1322(b)(5), and/or §1325(a)(5)]. Specifically, _____.

☐ DOMESTIC SUPPORT OBLIGATION(S): The Trustee has reason to believe that the Debtor has a domestic support obligation but the plan does not contain the information which would allow the Trustee to perform his duties mandated by §1302(d).

☐ FIXED PAYMENTS: The plan either does not provide for equal monthly payments to secured creditors, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [§1325 (a)(5)].

☒ COMMITMENT PERIOD: The plan does not contain language committing the Debtor to remain in the plan for the minimum duration of the 60 month applicable commitment period.

☒ DISPOSABLE INCOME: The Trustee either does not believe or cannot determine if the Debtor is devoting all projected disposable income for the applicable commitment period to unsecured creditors [§1325(b)(1)(B)]. Specifically, the Debtors have understated their projected disposable income on Form 22C. The Debtors have claimed a $1,812.45 tax expense on line 30, however Schedule I shows the tax expense is only $1,453.00. In addition, the Debtors have claimed a $450.00 expense on line 40 for care of household or family members, however the Debtors have not shown this expense is reasonable and necessary. Furthermore, the Debtors have claimed a $73.57 expense on line 48 for other payments on secured claims, however the Debtors state in their plan that there is no mortgage arrearage.

The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to $97,800.00 or 36% of unsecured claims, whichever is greater, and the plan payment increased to $2,165.00.

☐ LIQUIDATION: The Trustee believes that the plan does not provide unsecured creditors with an amount equal to or greater than they would receive in a Chapter 7 liquidation proceeding [§1325 (a)(4)], Specifically, _____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment increased to _____.

☒ GOOD FAITH: The Trustee believes that the Debtor has not offered the plan in good faith [§1325(a)(3)]. Specifically, the Debtors' mortgage expense of $2,267.00 per month is nearly two times the $1,176.00 Local Housing and Utility Standard in Cuyahoga County for a family of four. As Debtors indicate in their schedules that their two dependents are away at college, the household size is more likely two and therefore the mortgage expense is actually over twice the IRS standard for a household of two. The Debtors have not shown why such a large per capita housing expense is necessary for the Debtors' health and welfare or shown any special circumstances to warrant such a high expenditure. In addition, Mr. Mannion is making voluntary contributions in the amount of $975.00 per month to his retirement plan. This figure is on top of the state retirement system deduction of $684.32 shown on line 31. The Trustee believes the large voluntary contributions are significantly reducing the disposable income available to creditors and the 13% dividend has not been offered in good faith.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment increased to _____.

☐ NOTICING: The Debtor has failed to file a certificate of service evidencing that creditors have been properly served with the:
  ☐ Chapter 13 plan.
  ☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

☒ OTHER: Line 48 of Form 22C indicates a mortgage arrearage of approximately $4,400.00. This arrearage is in contradiction to the representation made in paragraph 3 of the plan. The Debtors need to amend their plan to provide for conduit mortgage payments.
☐ OTHER: _____.
☐ OTHER: _____.

4.    This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

5.    The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays that this Court deny confirmation of the proposed plan for the foregoing reasons and requests that the case be dismissed.


/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860

Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

## CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2011, copies of this Trustee's Objection to Confirmation were served electronically and/or by ordinary U.S. mail to the following:

William J Balena, Attorney for Debtors
(Via Electronic Mail)

Joseph Edward Mannion, Debtor
Katherine Ann Mannion, Debtor
10515 Laurel Lane
Brecksville, OH 44141
(Via U.S. Mail)

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)

CS/dls
12/1/11